48 CCPA

**Frank P. BENNETT, Appellant,**

v.

**John HALAHAN, Theodore F. Aronson and Floyd A. Lyon, Appellees.**

**Patent Appeal No. 6630.**

United States Court of Customs and Patent Appeals.

Jan. 13, 1961.

Robert R. Lockwood, Chicago, Ill. (Robert F. Miehle, Jr., Chicago, Ill., and Harris C. Lockwood, Washington, D. C., of counsel), for appellant.

James P. Malone, Mineola, N. Y., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Patent Interferences of the United States Patent Office awarding priority of invention to the senior party Halahan et al.

The interference issue is defined in the single count:

"Slide changing means for projectors comprising slide magazine mounting means, a supporting plate member adapted to accommodate said slide magazine mounting means and having a projection opening, curved pusher means pivotally mounted in a plane perpendicular to the longitudinal axis of said slide magazine mounting means adjacent said supporting plate, a carrier member pivotally mounted in a plane perpendicular to said slide magazine mounting means, slide holding means mounted on said carrier member, said pusher member being positioned relative said slide holding means to move a slide from said magazine position into said slide holding means, said carrier member being positioned relative said pusher member to transport a slide to projection position, and indexing means for advancing a slide magazine, said indexing means being connected to and actuated by said pusher member."

Neither party took testimony. The case turns solely on whether the disclosure in the Halahan application supports the count. Thus it is unnecessary to consider the application of the junior party Bennett, appellant here.

The invention is a slide changing means for projectors of the type in which a slide magazine is advanced step by step to bring the slides successively into position opposite the projection opening, with means provided for moving the slides from the magazine into projecting position and returning them to the magazine.

The Halahan application discloses a projector comprising a slide magazine mounted on a supporting plate below and to one side of the projection opening. As the magazine advances along

---

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* *Judge O'Connell,* pursuant to provisions of Section 294(d), Title 28 U.S.C.

the plate the slides are successively brought into position opposite the opening. Advancement of the slide magazine is effected by a toothed wheel which engages a longitudinally extending rack on the bottom of the magazine.

The means for moving the slide into position in the projection opening includes a ring pivoted adjacent that opening for movement in a plane parallel to that of the opening and having a gap with a prong at each edge in its circumference, the gap being a length greater than that of one side of the slide. In the starting position one prong lies immediately above the upper edge of the slide, while the other lies below the bottom of the magazine and supporting plate and opposite the lower edge of the slide. Registering slots are provided in the supporting plate and bottom of the magazine through which the ring can move. When the ring is rotated, by means of a handle, the lower prong moves through the slots and engages the lower edge of the slide. Further rotation of the ring carries the slide through an arc of ninety degrees and into viewing position in the projection opening.

For guiding the slide during its movement, there is provided a shutter plate pivoted at a point adjacent the pivot of the ring and movable through the projection opening in a plane adjacent that in which the ring moves. That plate is provided with a rectangular recess, the parallel sides of which, in the starting position, lie immediately above the sides of the slide to be viewed, while the third side of the recess lies above and is spaced from the top of the slide. When the ring is rotated the slide moves upwardly in engagement with the parallel sides of the recess, until its top engages the third side of the recess after which the shutter plate rotates with the ring until the slide reaches viewing position. At that point the leading edge of the shutter plate engages a fixed stop which prevents further movement.

To prevent the shutter plate from being rotated by the friction between it and the sides of the slide until the latter has moved completely into the recess a roller is provided on the shutter plate which, in starting position, rests on the curved surface of a cam which is integral with the ring. During the initial movement of the ring the roller rides along the curved surface of the cam. When the slide has fully entered the recess, the roller moves off the end of that surface and onto a straight surface, extending inwardly of the ring. The full engagement between the slide and the recess causes the shutter plate to rotate with the ring until the slide reaches viewing position.

When the slide is to be returned to the magazine, the handle is moved to rotate the ring in a reverse direction. During such movement the engagement of the roller with the straight portion of the cam surface causes the shutter and ring to move in unison until the roller returns to the curved surface as the slide re-enters the magazine. Thereupon the roller moves along the curved portion of the cam and movement of the shutter is arrested by engagement with a fixed stop, while the ring continues to rotate until its upper prong has returned the slide completely to the magazine.

The mechanism for advancing a new slide into position comprises a roller which rides on the inner surface of the ring and, in starting position, lies in a notch in that surface. The initial movement of the ring moves the roller out of the notch. The roller is mounted at the end of a pivoted arm, and its movement imparts an oscillatory movement to a pawl shaft by means of a connecting linkage. The pawl on the shaft engages the toothed wheel previously mentioned which is in engagement with the rack on the bottom of the magazine, thus advancing the magazine one step and bringing a new slide into position opposite the projection opening.

Appellant attacks the operativeness or sufficiency of the Halahan disclosure on two grounds; first, that the mechanism whereby the pawl imparts a step

by step movement to the gear wheel is not operative as disclosed. The examiner originally found that disclosure defective and required amendment. After such amendment, which appellant alleges involves new matter, the disclosure was accepted as sufficient.

We find it unnecessary to determine whether the specific pawl and gear mechanism disclosed in the application as filed was operative, or whether the specific amendments made to the application involved new matter, since we agree with the following holding of the Board of Patent Interferences:

"Furthermore, the part of indexing means of Halahan et al., which the party Bennett contends is inoperative is the mechanism for converting the oscillatory motion of the pusher to intermittent unidirectional motion. Such mechanisms are well known common expedients. * * * For instance, the use of such mechanism in watches and clocks is well known."

As pointed out by the board, the count does not recite any specific structure of the magazine advancing means, but merely calls for indexing means actuated by the slide pusher for advancing the magazine. We agree with the board that conventional pawl and ratchet mechanisms have long been well known in the art which could be employed in an obvious manner by any person skilled in the art for converting the oscillatory movement of the roller which enters the notch in the ring in the Halahan apparatus to a step by step unidirectional movement of the gear which advances the magazine. All that is necessary is a pawl which will engage a tooth and advance the gear when oscillated in one direction, and will slide over a tooth without imparting motion to the gear when oscillated in the other direction. Such pawls are conventional, being shown, for example, at F and G, Fig. 1, page 232 of Volume 5 of Machinery's Encyclopedia, The Industrial Press, New York, 1929, which figure is also found on page 891 of Condensed Encyclopedia

of Engineering, New York, The Industrial Press, First Edition 1928.

The second portion of the Halahan disclosure questioned by appellant relates to the cam and roller which cause the shutter plate and the ring to move in unison. The board was of the opinion that, since such mechanism is not recited in the count, its operativeness is immaterial. We are unable to concur in that view since, as pointed out by appellant, some means for coordinating the movements of the plate and ring is essential to the operativeness of the structure to which the count is directed. We are of the opinion, however, that the Halahan application as filed contained a sufficient and operative disclosure of the mechanism in question.

The record shows that during the prosecution of the Halahan application the examiner made the following criticism of the disclosure of the mechanism in question:

"Further, the disclosure of the operation of cam 50 to lock and return the shutter plate is inadequate. It appears that the cam surface 50 must be defined as concentric to the axis of ring member 25 and that the edge of the cam, between the curved and straight surfaces, must be so related to the lower prong 27 that the elevated slide is just fully seated in the carrier when roller 52 reaches this edge to provide for the mode of operation desired."

Halahan then submitted the following amendment which the examiner accepted as sufficient to overcome his criticism:

"With respect to the operation of the cam 51, its purpose is to hold the slide carrier 40 steady as the pusher member pushes the slide up into the slide holder on the carrier. The curved portion of cam 51 is concentric with pivot 26, which is offset from pivot 41 to provide a locking action via roller 52 on the slide carrier 40. If this definite means was not provided, the slide carrier 40 might be prematurely rotated due to the friction between

it and the slide being pushed which might cause a binding of the slide. Figure 3 illustrates how the cam 51 exerts a force counterclockwise around the pivot point 41 of the carrier 40. When the slide is fully seated, the roller 52 will be at the apex of the cam 51."

Appellant argues here that the original disclosure was defective in the respects pointed out by the examiner, and that the amendment involved new matter and should not have been entered or, that in any event, Halahan should not be accorded the benefit of any date prior to that on which the amendment was filed, which date was subsequent to the filing date of Bennett's application.

We are of the opinion that the application disclosure was sufficient as filed and without the disputed amendment. It is obvious from the statement of the intended operation of the device, in the application as filed, that the roller rides on the surface of the cam for a substantial distance, while the shutter plate remains stationary and the ring on which the cam is mounted rotates about its pivot. That result could only be effected by making the curved cam surface concentric with the axis of the ring member. It is also obvious from that statement that the roller must reach the end of the curved surface of the cam just as the slide is fully seated in the recess in the shutter plate, since the plate must begin, at that time, to rotate with the ring. It is to be noted that the examiner understood the necessity for those relationships on the basis of the original disclosure alone. The amendment, therefore, amounted to no more than a statement of what would be recognized by one skilled in the art as inherent in that disclosure.

■ It is well settled that the apparatus disclosed in an application need not necessarily be operative in the exact form in which it is shown and described. It is sufficient if it can be rendered operative by adjustments and corrections which would naturally occur to a skilled worker in the art attemping to construct the apparatus on the basis of the application disclosure. Trumbull et al. v. Kirschbraun, 67 F.2d 974, 21 CCPA 758; Creed et al. v. Potts, 96 F.2d 317, 25 CCPA 1084.

■■ We have carefully considered appellant's arguments, but are of the opinion that the disclosure of the Halahan application as filed is amply sufficient to enable a skilled worker in the art to construct and use an operative apparatus satisfying the requirements of the count. It is therefore unnecessary to determine whether the amendments to the application were proper or involved new matter. Halahan being the senior party, and no evidence having been submitted by Bennett to establish any date of invention prior to the filing date of the Halahan application, the decision appealed from was proper and is affirmed.

Affirmed.