337 F.2d 726
 Anton LORENZ (First National Bank in Palm Beach, as Executor of the Estate of Anton Lorenz, substituted for Anton Lorenz who died pending this appeal), Appellant,
v.
GENERAL STEEL PRODUCTS COMPANY, Inc., Appellee.
 No. 19989.
 United States Court of Appeals Fifth Circuit.
 October 5, 1964.
 
 James L. Armstrong, III, Miami, Fla., Nichol M. Sandoe, New York City, for appellant.
 John H. Wahl, Jr., Miami, Fla., William E. Schuyler, Jr., Washington, D. C., for appellee.
 Before RIVES, LEWIS* and BELL, Circuit Judges.
 RIVES, Circuit Judge.
 
 
 1
 The three patents in suit, owned by the original appellant Lorenz,[1] relate to multiple-position reclining chairs, and may be conveniently identified by the names of their inventors.[2]
 
 
 2
 In addition to a comprehensive pretrial stipulation, the trial before the district court lasted for six days. The district court directed the parties to file simultaneously proposed findings of fact and conclusions of law. After keeping the case under advisement for three months, the district court adopted the findings of fact and conclusions of law submitted by the appellee,[3] and entered judgment finding all of the claims in issue of the three patents invalid and not infringed.[4] An earlier patent by Schliephacke was held invalid for want of invention in Lorenz v. F. W. Woolworth Co., 2 Cir. 1962, 305 F.2d 102. The pertinent claims of the same three patents involved in this suit were held invalid in Lorenz v. Berkline Corporation, N.D. Ill. 1963, 215 F.Supp. 869.
 
 
 3
 The district court held the Lorenz patent invalid because based on an inoperative disclosure, and also because of anticipation by Lorenz British Patent No. 724,643.[5]
 
 
 4
 A prime requisite for patentability is that an invention be "useful."[6] The appellant insists that the apparatus disclosed required nothing more than some friction adjustment to be operative, and that this would naturally occur to a skilled worker in the art.[7] Accepting the test of usefulness thus indicated, the district court concluded that the specifications and drawings of the Lorenz patent "do not contain a written description of the invention and the manner and process of making and using it in such full, clear and concise and exact terms as to enable any person skilled in the art to which it pertains to make and use the same * * *." 204 F.Supp. at 523. The findings on which that conclusion was based were made after seeing and hearing five witnesses testify on the subject and after watching the demonstration of several models. Utility vel non presents a question of fact. As well said by Judge Learned Hand, "A judge is entirely unadapted to decide such a question as an original question, and must rely upon the testimony of skilled artisans or of experts in mechanics." Manhattan Book Casing Mach. Co. v. E. C. Fuller Co., S.D.N.Y. 1912, 274 F. 964, 967. We cannot set aside the findings of the district court as clearly erroneous,[8] and must affirm its judgment that the Lorenz Patent is invalid.
 
 
 5
 The district court held that Claims 1, 10 and 11 of Fletcher are disclosed in Figures 9, 10 and 11 of Lorenz, and also in Figures 12, 13 and 14 of Lorenz, and that each element and function defined in Claims 2, 14 and 16 of Fletcher is disclosed in Figures 12, 13 and 14 of Lorenz. We do not find it necessary to inquire whether those holdings are otherwise sound.[9]
 
 
 6
 The district court also held that Claims 1, 10, 11, 14 and 16 of Fletcher lack novelty because disclosed in Figures 7, 8 and 9 of Curtis Patent No. 2,798,534 issued July 9, 1957, and that the elements and functions of Claim 2 of Fletcher are likewise disclosed with the exception of the clause reading: "One of said guiding means including a pair of spaced guiding elements movably connecting spaced points on said seat to said support and adapted to produce a compound rearward movement of the body supporting unit." The court further held that, at the time the invention was made, the subject matter of all of the pertinent claims would have been obvious to a person having ordinary skill in the art. See 35 U.S.C.A. § 103.
 
 
 7
 Fletcher achieved ease of operation by providing a substantially flat movement of the center of gravity through the use of two successive centers of rotation. The use of successive centers of rotation to achieve better balance was disclosed by Curtis. Chief Judge Campbell held that, "The embodiments of the chairs shown in the Curtis patent perform the same functions and the same operations, by the same or equivalent means as the chairs disclosed in the Fletcher Patent." Lorenz v. Berkline Corporation, supra, 215 F.Supp. at 878.
 
 
 8
 It is not necessary for us to agree in toto, because it seems clear to us that a person with ordinary mechanical skill in the art would have no difficulty in applying the concept disclosed by Curtis to the system of linkages used in Lorenz, especially if Figures 9-11 and 12-14 of Lorenz were carefully studied. In short, the pertinent claims of Fletcher are invalid under 35 U.S.C.A. § 103.
 
 
 9
 The Schliephacke Patent employs Fletcher's two centers of rotation to which it adds a simplified linkage system. The district court held that the differences between Claims 1, 2, 6, 7, 8, 9 and 10 of Schliephacke and the disclosure of Figures 7 and 8 of Fletcher would have been obvious to a person having ordinary skill in the art of reclining chairs at the time the alleged invention was made by Schliephacke. See 35 U.S.C.A. § 103. Chief Judge Campbell reached a like conclusion in Lorenz v. Berkline Corporation, supra, 215 F.Supp. at 881. The question of whether an improvement requires mere mechanical skill or the exercise of the faculty of invention is one of fact. Thomson Spot Welder Co. v. Ford Motor Co., 1924, 265 U.S. 445, 446, 44 S.Ct. 533, 68 L.Ed. 1098. We cannot set aside the findings of the district court as clearly erroneous.
 
 
 10
 The district court went further and held that appellee's 87-TV fixture does not infrige Lorenz, and that its 86-TV fixture does not infringe Fletcher. We do not reach those issues since we affirm the district court's holding of invalidity of Lorenz, of Claims 1, 2, 10, 11, 14 and 16 of Fletcher, and of Claims 1, 2, 6, 7, 8, 9 and 10 of Schliephacke. The judgment is affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Tenth Circuit, sitting by designation
 
 
 [1]
 Lorenz owns a total of more than 150 patents relating to reclining chairs. Pending this appeal, Lorenz died and his personal representative has been substituted. See 5th Circuit Rule 19
 
 
 [2]
 Lorenz, 2,918,113, issued December 22, 1959; Fletcher, 2,940,509, issued June 14, 1960; and Schliephacke, 2,940,510, issued June 14, 1960. Fletcher and Schliephacke were employees or associates of Lorenz
 
 
 [3]
 While this practice is not to be commended, the record in the present case negatives any possible inference that the court failed to understand the case or to perform its functions adequately. See Kinnear-Weed Corporation v. Humble Oil Co., 5 Cir. 1958, 259 F.2d 398, 401; Edward Valves, Inc. v. Cameron Iron Works, Inc., 5 Cir. 1961, 289 F.2d 355, 356; Louis Dreyfus & Cie v. Panama Canal Co., 5 Cir. 1962, 298 F.2d 733, 737, 738; 2B Barron & Holtzoff, Federal Practice & Procedure, Rules Ed., § 1124, p. 494; 6 Moore's Federal Practice ¶ 52.06 [3], pp. 2664, 2665
 
 
 [4]
 Reported as General Steel Products Co. v. Lorenz, S.D.Fla., 1962, 204 F. Supp. 518. There is no appeal from the parts of the judgment dismissing Lorenz's claims for breach of contract, breach of confidential disclosure, and fraudulent advertising
 
 
 [5]
 See 35 U.S.C.A. § 102(d). Under the circumstances of this case, this second ground of invalidity depends on the operativenessvel non of Figures 1 and 2 of the Lorenz patent in suit.
 
 
 [6]
 U.S.Const. Art. 1, Sec. 8; 35 U.S.C.A. § 101; 1 Walker on Patents, Deller's ed., §§ 64-73
 
 
 [7]
 See Bennett v. Halahan, C.C.P.A.1961, 285 F.2d 807, 811; 1 Walker on Patents, Deller's ed., § 73, p. 325
 
 
 [8]
 It may be noted that like findings were made by Chief Judge Campbell of the Northern District of Illinois in Lorenz v. Berkline Corporation, N.D.Ill.1963, 215 F.Supp. 869, 873, 874
 
 
 [9]
 We make no ruling but we entertain some doubt as to whether those holdings are consistent with the district court's earlier holding that Lorenz was inoperative and lacking in utility. "Novelty is not negatived by anything beneficially incapable of the function of the subject of the patent, even though apparently similar thereto." I Walker on Patents, Deller's ed., § 48, p. 257. See also United Shoe Machinery Corp. v. Mathey, 1 Cir. 1941, 117 F.2d 331, 332