52 CCPA

**Application of Ignatius NURKIEWICZ.**
**Patent Appeal No. 7219.**

United States Court of Customs
and Patent Appeals.
Dec. 10, 1964.

Edmund Michael Jaskiewicz, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

KIRKPATRICK, Judge.

The invention which is the subject of this appeal relates to a fire extinguisher of the pressurized type and is particularly directed to an arrangement for mechanically securing the bottom of the cylindrical container within the shell. The problem to which the invention is addressed is that of maintaining unbroken contact (seal) between the bottom member and the cylindrical wall and so to prevent the internal pressure from disrupting the seal, with resultant leakage.

Claim 1 is representative and is as follows:

"1. A fire extinguisher container comprising a shell having a top adapted to be closed by a dispensing mechanism, and cylindrical walls extending downwardly therefrom, a substantially hemispherical bottom member fitted within said shell with its convex side downwardly, a bottom supporting member having its central portion concentric with said bottom element, and in engagement therewith, and having peripheral downwardly extending flanges of a diameter to fit tightly within the walls of said shell below the body of said support, the lower edge of said shell extending below the lower edge of the flange of said support and being bent inwardly back upon itself around the lower edge of said flange."

The appellant in his brief states his understanding of his invention, specifying three features as essential.[1a] Two of these, the supporting member[2] and the mechanical interlock[3], or their full equivalents are to be found in the prior art and need be considered as no more than necessary structural parts which do not contribute to any new or unexpected result which the whole combination may achieve, and the appellant's catalog of essentials can be reduced to the single element of the bottom member of the container. The hemispherical configuration of this member is the critical part of the claimed combination for, unless a new and unexpected result is achieved by its admittedly novel shape, no more than a choice of design is achieved over Zwietusch and Calleson in combination.

The advantage of the hemispherical bottom is that a hemisphere is less likely to suffer distortion from internal pressures than one of any other shape. It should be remembered that the slightest distortion or bulge in the surface of the

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of Section 294(d), Title 28, United States Code.

1a. (1) A hemispherically shaped bottom tightly fitted within the shell;
   (2) A bottom supporting member having a curved portion concentric to the hemispherical bottom and engaged therewith; and
   (3) A mechanical interlock between the lower edges of the bottom supporting member flange and the container shell.

2. Zwietusch, 506,355, October 10, 1893.

3. Calleson (German 713,514), November 8, 1941.

bottom member would tend to pull its upper edge away from the container wall and disrupt the seal.

The specification points out that the use of the hemispherical shape also achieves the result that some of the expansive force of the pressurized contents will be exerted radially against the edge of the hemisphere and thereby urge this edge into firm contact with the shell, increasing the frictional resistance of the bottom member to axial displacement.

Of course, theoretically, the contact between a cylinder and a perfect hemisphere fitted within it is a line—having no thickness and consequently affording no frictional resistence to an axial movement—but the specification was not drawn for geometers but for practical mechanics and, in dealing with such matters, even a knife edge has some thickness and, therefore, in practice the contact between the edge of the hemisphere and the shell will be more than a geometrical line. In addition, the bottom member, as claimed, is "substantially hemispherical" and a slight flattening of the curve of the upper part of the bottom member, as shown in the drawing, to give some surface to surface contact at its top edge, would not be a material departure from a geometric hemisphere.

It must be conceded that a good deal of the appellant's argument for his invention is more or less theoretical. However, the Patent Office has not cited anything to dispute the theory, and there is no prior art which discloses a bottom member in the shape of a hemisphere, nor is there any which claims any improvement in the sealing function due to the curved shape of that member. It is possible that, in a practical construction, due to the necessary rigidity of the bottom member, the forces involved will not be significant enough to produce the new and unexpected result asserted and that, in such case, we would be left with nothing but a designer's choice over the prior art. However, the rule is that, in

case of a doubt as to the factual basis supporting the conclusion of the Board of Appeals, the doubt should be resolved in favor of the applicant. In re Sporck, 301 F.2d 686, 49 CCPA 1039, 1044, 1045.

Resolving any doubt we may have in favor of the applicant, we conclude that the container of this application constitutes a patentable advance over the prior art.

The decision of the Board of Appeals is reversed.

Reversed.