52 CCPA

**Application of Jerome Y. LETTVIN.**

**Patent Appeal No. 7232.**

United States Court of Customs and Patent Appeals.

Dec. 17, 1964.

**250**

Norman Lettvin, Chicago, Ill. (Bair, Freeman & Molinare, Chicago, Ill., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRK-PATRICK.*

KIRKPATRICK, Judge.

This appeal is from a portion of the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 1–11 of the appellant's application Serial No. 788,725, filed January 26, 1959, for an "Improved Catamenial Tampon and Treatment of Dysmenorrhea," as unpatentable over the prior art. The appellant has chosen to prosecute this appeal with respect to process claims 8 and 9 only. No claim stands allowed.

Claim 8 is representative and reads as follows:

"8. A method of treating dysmenorrhea comprising the steps of capturing the menstrues within the vaginal cavity while simultaneously introducing analgesic into the vaginal cavity."

Dysmenorrhea is menstruation accompanied by pain or discomfort in or referred from the pelvic region. Although the claims are not so limited, the method of treatment disclosed in the specification involves the utilization of a tampon of the type commonly employed by women for absorbing menstrual flow. The tampon of the application is coated or impregnated with an analgesic or local anaesthetic, such as aspirin, phenacetin, or tetracaine. Upon insertion of the medicated tampon into the vaginal cavity during the menstrual period, the menstrues serve as the moistening vehicle to effect diffusion of the analgesic from the tampon to the mucous membrane of the vagina, thereby affording some relief from symptomatic pain of dysmenorrhea.

The examiner rejected the claims in suit as unpatentable over Hemsted (British specification) 765,457, January 9, 1957, in view of Krantz and Carr, "Pharmacologic Principles of Medical Practice," 3rd Edition (1954), pages 337, 338, 979, 982.

Hemsted discloses that a mass of water-insoluble fibers, impregnated with various therapeutic chemicals, may be treated to render the fiber water-soluble and then formed into a tampon. As to the use to which the medicated tampon may be put, the following excerpts from the Hemsted specification are pertinent:

"* * * Any of these or other suitable chemicals, may be loaded on to soluble fibres by the process described above in accordance with the

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of Section 294(d), Title 28, United States Code.

invention in order to produce soluble fibrous materials for medical, surgical or therapeutic uses, e. g. when made up as tampons or wads, or flat wound dressings.

\* \* \* \* \* \*

"In medicine and therapeutics the locus of final use will be the living body; and the advantages of the application \* \* \* over a wide surface area of skin or of mucus-bearin epithelium would appear to offer the possibility of very convenient techniques for the application and maintenance of local anaesthesia, of applying antipyretics and analgesics \* \* \*.

\* \* \* \* \* \*

" \* \* \* By the above described means it is possible to effect local application of these or any desired chemicals, e. g. antibiotics, in localities where application through the stomach is often uncomfortable, and may have serious side effects e. g. in [infections] of the vagina \* \* \*.

\* \* \* \* \* \*

" \* \* \* important uses for which such fibres can be employed are, first, in the vagina, for the treatment of cervicitis, vaginitis and leucorrhoea \* \* \*."

■ The portions of Hemsted quoted above plainly teach the insertion of a tampon loaded with analgesic or local anaesthetic into the vagina as a treatment for some female disorders involving pain in that region. The result of using the Hemsted tampon would be the same as that claimed in the appellant's method claims, namely, the retention of the menstrues in the vagina at the same time as the analgesic is being applied. The reference discloses a tampon of soluble fibers, but it seems hardly necessary to say that it would be obvious even to one not skilled in the art to use insoluble tampon material—which is the kind in ordinary use—where solubility of the material is not desired.

The Krantz and Carr reference discusses the use of drugs in treating the syndrome of dysmenorrhea. The syndrome is described as characterized by spasmodic, cramplike pains localized generally in the suprapubic region. Aspirin is mentioned as helpful in mitigating the pain. The context implies oral administration of the analgesics.

■ The appellant's main argument —in fact, the only one which we need discuss—is that his method of treating dysmenorrhea was not obvious at the time of filing the application because it was contrary to the then accepted position of medical science which, he says, was that the vagina, cervix, and uterus are relatively insensitive to pain. Hence, the appellant argues, one seeking a remedy for dysmenorrhea would be laboring under the misapprehension that no useful result could be obtained by applying an analgesic to those parts. We think, however, even assuming that the appellant's statement about medical opinion is correct, that the disclosures of the references made the method of treatment claimed in the application obvious and unpatentable.

"Obviousness is a legal conclusion which we are required to draw from facts appearing in the record or of which judicial notice may be taken. Thus before we can conclude that any disclosed invention is 'obvious' under the conditions specified in 35 U.S.C. § 103, we must evaluate facts from which to determine 1) what was shown in the prior art at the time the invention was made, and 2) the knowledge which a person of ordinary skill in the art possessed at the time the invention was made. [In re Sporck, 301 F.2d 686, 49 CCPA 1039.]"

The "facts" which we have in the record here are, on the one hand, the theoretical predictability of failure advanced by the appellant and, on the other, the clear teaching of Hemsted in combination with the disclosure of Krantz and Carr that dysmenorrhea is characterized by pain in the suprapubic region which may be relieved by analgesics. The fact that both references relate to treatment with

analgesics of female disorders involving pain in the vaginal area makes the combination proper here.

We have considered the appellant's additional remaining arguments, including his contention based upon our recent decision in In re Caldwell, 319 F.2d 254, 50 CCPA 1464. We find them without merit. In the Caldwell case the method claimed achieved a result not suggested by the prior art.

We agree with the examiner and the board that the claimed method is rendered obvious within the meaning of 35 U.S.C. § 103 by the reference combination.

Accordingly, the decision of the board is affirmed.

Affirmed.