395 F.2d 362
 158 U.S.P.Q. 72
 Marvin K. SWOFFORD, Marion F. Wright and Essex Corporation,
d/b/a the Pathfinder Company, Appellants,
v.
B & W, INC., Appellee.
B & W, INC., Appellant,
v.
Marvin K. SWOFFORD, Marion F. Wright and Essex Corporation,
d/b/a thePathfinder Company, Appellees.
 No. 23861.
 United States Court of Appeals Fifth Circuit.
 May 22, 1968.
 
 Jack W. Hayden, Coke Wilson, Hayden, Pravel, Wilson & Matthews, Carlos A. Torres, Houston, Tex., for plaintiffs-appellees.
 Tom Arnold, Houston, Tex., R. Douglas Lyon, Lyon & Lyon, Conrad R. Solum, Jr., Los Angeles, Cal., Arnold, Roylance, Kruger & Durkee, Houston, Tex., for defendant-appellant.
 Before WISDOM and GOLDBERG, Circuit Judges, and SEALS, District Judge.
 WISDOM, Circuit Judge:
 
 
 1
 The plaintiffs (for convenience collectively referred to here as Swofford) brought this patent infringement action in March 1961 against B & W, Inc.[1] The district court denied B & W's motion to strike Swofford's jury demand. On an interlocutory appeal we affirmed the action of the district court and held that Swofford was entitled to jury trial on the issues of validity and infringement. Swofford v. B & W, Inc., 5 Cir. 1964, 336 F.2d 406, cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557. On remand, at the close of the evidence the questions of novelty, utility, and nonobviousness were framed in several interrogatories which, with the appropriate instructions by the court, were propounded to the jury. The jury found that the patent in issue was for a novel, useful, and nonobvious[2] invention. These findings, however, were not 'the end of the matter.'[3]
 
 
 2
 The district judge disregarded the express jury findings concerning nonobviousness under the following rationale:
 
 
 3
 The ultimate issue of whether a patent meets the requisite standard of invention is a question of law rather than one of fact. * * * However, while invention is a question of law, what the prior art was and what the patentee did to improve upon it are questions of fact. * * * 251 F.Supp. at 815.
 
 
 4
 The critical question now to be decided as a matter of law by this Court is whether what Swofford and Wright have done to improve upon the prior art as it existed on June 4, 1954 rises to the standard of invention as defined by statute and in the courts. The answers of the jury to Interrogatories Nos. 1, 3 and 21 will have no influence upon this determination as they are in response to the ultimate question of validity, itself, which I have found to be one of law rather than of fact. 251 F.Supp. at 817.
 
 
 5
 The court went on to find the patent in issue invalid though infringed. 251 F.Supp. 811. Swofford appeals from the judgment of the district court, urging that obviousness is a question of fact for the jury rather than a question of law for the court; that the court, therefore, erred in substituting for the jury factfinding of nonobviousness its own legal conclusion of obvious. B & W appeals from that portion of the court's decision holding that the patent was infringed. We affirm.
 
 
 6
 We agree with the district court that obviousness is a question of law, and we approve the court's conclusion that Swofford's patent was obvious to a man of ordinary skill in the art who had knowledge of all the prior devices and references. Because of our holding that the patent was invalid, we do not reach the issue of infringement.
 
 I.
 
 7
 The 1952 Patent Act sets out three conditions of patentability: novelty, utility, and nonobviousness. 35 U.S.C. 101-103. Novelty and utility are defined in sections 101 and 102; these conditions track the 1874 codification of patent law and express the traditionally applied 'new and useful' tests. Novelty[4] and utility,[5] clearly issues of fact, have existed in the statutory scheme of patentability since the Patent Act of 1793. The term 'nonobviousness', however, appeared for the first time in section 103 of the 1952 act. It expresses the third condition for patentability as follows:
 
 
 8
 103. Conditions for patentability; non-obvious subject matter
 
 
 9
 A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
 
 
 10
 In 1966, in its first patent decision in many years, the Supreme Court extensively analyzed the background and nature of section 103. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545.[6] The Court concluded that while Congress focused upon 'non-obviousness' rather than 'invention' as characterizing the proper standard, both terms 'place emphasis on the pertinent art existing at the time invention was made and both are implicitly tied to advances in the art.'[7] 383 U.S. at 14, 86 S.Ct. at 692. The court then observed:
 
 
 11
 While the ultimate question of patent validity is one of law, * * * the 103 condition, which is but one of three conditions, each of which must be satisfied, lends itself to several basic factual inquiries. Under 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. 383 U.S. at 17, 86 S.Ct. at 694.
 
 
 12
 The question here presented for our resolution is: By whom is the obviousness or nonobviousness of the subject matter to be determined?
 
 
 13
 A. The issue of nonobviousness or invention has at various times, been held to present a legal,[8] factual[9] or mixed[10] question. The Supreme Court at first took the position that the issue was one of fact. In Keyes v. Grant, 1886, 118 U.S. 25, 37, 6 S.Ct. 974, 981, 30 L.Ed. 54, the Court stated:
 
 
 14
 It was insisted by the patentees that no such arrangement and combination were to be found (in the prior art), and that the improvement which they constituted was not the result of mere mechanical skill, but sprung from a genuine effort of invention; and this view was supported by the opinion of many experts skilled in the art. In our opinion, this was a question of fact, properly to be left for determination to the jury, under suitable instructions from the court upon rules of law which should guide them to their verdict.
 
 
 15
 With one exception,[11] this view was followed until 1950.[12] In that year the Court decided Great Atlantic & Pacific Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162. Although the relevant holding in that case is less than crystal clear,[13] the Court has since cited the A& P case as direct authority for the proposition that 'the ultimate question of patent validity is one of law.' Graham v. John Deere Co., 1966, 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545, 556. This proposition has since stood unchallenged.
 
 
 16
 B. Swofford argues that this statement in Graham is not inconsistent with the proposition that obviousness is a fact question.[14] One court has properly observed, however, that 'it becomes apparent that the confusion arising from the attempt to phrase the proper standard governing the determination of patentable invention stems from the indiscriminate use of mere labels, which in themselves are not conclusive.' Armour & Co. v. Wilson & Co., 7 Cir. 1960, 274 F.2d 143, 155. Deller suggests approaching this confusion by 'breaking the question of patentable invention down into its component parts: what the prior art was and what the patentee did to improve upon it and then whether what the patentee did is properly to be classified as an invention.' Deller's Walker on Patents 105, at 67 (2d ed. 1964). The Seventh Circuit, sitting en banc to consider the precise question presented to this Court in the instant case, regarded the 'component parts' of what constitutes invention (or nonobviousness) as follows:
 
 
 17
 The first part relates to the showing made by the prior art before the patentee produces his invention. This is to be determined upon the basis of testimony and documentary or physical exhibits. The testimony relates to the use made of the prior art, and the documentary and physical exhibits do not stand mute but speak for themselves. Upon review, these are facts subject to Rule 52(a) and the exception found in the 'Documentary Rule.'
 
 
 18
 The next element is concerned with the nature of the improvement the patentee has made over the prior art. Has he taught anything that is different? If there is no improvement, the patent is anticipated under Section 102 of the Patent Act. If there is an improvement, we look to Section 103 to see whether there is a difference or to ascertain the nature of the improvement over the prior art. The determination of this element of 'novelty' usually finds its genesis in expert testimony and as such is a question of fact, and on appeal, is within the scope of Rule 52(a).
 
 
 19
 The final step involves the resolution of the meaning of Section 103 of the Patent Act to determine, from the language of the statute, whether 'the differences between the subject sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.' This requires the application of the correct legal criteria to the factual determination made by the trial court. This calls for the exercise of a legal judgment and as such is subject to review by an appellate tribunal as a question of law.
 
 
 20
 C. Swofford tells us, however, that the Fifth Circuit's decisions hold that invention is a question of fact for the jury. While there is some truth in this statement, for the most part it represents precisely the type of confusion that arises from 'the indiscriminate use of mere labels'. Indeed, there are decisions of this Court stating squarely: 'The question of invention was here, as it ordinarily is, one of fact * * *.' E.g., Hahn & Clay v. A. O. Smith Corp., 5 Cir. 1963, 320 F.2d 166, 173. See also Reynolds-Southwestern Corp. v. Dresser Industries, Inc., 5 Cir. 1967, 372 F.2d 592, 595. Others merely affirm district court 'findings of fact' that certain patents rise to the level of 'invention' or are nonobvious', sometimes upholding these findings as not clearly erroneous. E.g., Zero Mfg. Co. v. Mississippi Milk Producers Ass'n, 5 Cir. 1966, 358 F.2d 853, 857; Lorenz v. General Steel Products Co., 5 Cir. 1964, 337 F.2d 726, 728; Italit, Inc. v. Johns-Manville Corp., 5 Cir. 1964, 331 F.2d 663, 666. Still others vascillate between the poles: 'Validity, while often a pure legal question, is frequently one of fact for resolution by the trier, including a jury.' Hughes Tool Co. v. Varel Mfg. Co., 5 Cir. 1964, 336 F.2d 61, 62 n. 1.
 
 
 21
 On the other side, however, stand decisions proposing that 'the question whether a particular patent meets the standard of invention is a fully reviewable question of law.' Houston Oil Field Material Co. v. Claypool, 5 Cir. 1959, 269 F.2d 134, 137; Fritz W. Glitsch & Sons v. Wyatt Metal & Boiler Works, 5 Cir. 1955, 224 F.2d 331, 335; Little Mule Corp. v. Lug All Co., 5 Cir. 1958, 254 F.2d 268, 275-276. See also Butex Gas Co. v. Southern Steel Co., 5 Cir. 1941, 123 F.2d 954, 955. Our recent decisions point to resolution of the apparent inconsistency similar to the Seventh Circuit's: 'The question of patent validity is one of law, but to be decided on the results of factual inquiries.' National Filters, Inc. v. Research Products Corp., 5 Cir. 1967, 384 F.2d 516, 517; Sisko v. Southern Resin & Fiberglass Corp., 5 Cir. 1967, 373 F.2d 866, 868; Up-Right, Inc. v. Safway Products Inc., 5 Cir. 1966, 364 F.2d 580, 582. See also Hensley Equipment Co. v. Esco Corp., 5 Cir. 1967, 383 F.2d 252; Metal Arts Co. v. Fuller Co., 5 Cir. 1968, 389 F.2d 319.
 
 
 22
 The Courts of Appeals in the Sixth and Ninth Circuits have extensively reviewed their opinions in those circuits and have concluded that nonobviousness is a question of law. Monroe Auto Equip. Co. v. Heckethorn Mfg. & Supply Co., 6 Cir. 1964, 332 F.2d 406; Bergman v. Aluminum Lock Shingle Corp., 9 Cir. 1958, 251 F.2d 801, 809 (concurring opinion). Those decisions and that of the Seventh Circuit took different routes in synthesizing earlier decisions,[15] but all reached the same conclusion. We adopt the position taken in these circuits.[16]
 
 
 23
 Thus what we have in a patent case are three steps: First, a determination of what the prior art was; this involves factual questions. Secondly, there is a determination of what, if any, improvement the patentee has made over the prior art; this will usually turn on expert testimony and therefore is a question of fact. The final step is to determine whether the improvement would have been obvious to one skilled in the art. This requires application of a legal criteria and therefore is a question of law, fully reviewable by the appellate court. Monroe Auto Equip. Co. v. Heckethorn Mfg. & Supply Co., 6 Cir. 1964, 332 F.2d 406, 411.
 
 
 24
 This position has been taken, without extensive discussion, in at least four other circuits[17] (i.e. other than Sixth, Seventh, and Ninth). Commentators advocated it.[18] We find no recent decision holding otherwise.
 
 II.
 
 25
 Our conclusion that the ultimate issue under section 103 is one of law carries our approval of the district court's having withdrawn the issue from the jury and having independently decided it. We need not repeat here the facts as found in the court below; nor do we feel it necessary to summarize the court's application of the legal standard of nonobviousness to those facts. The district judge withheld his Memorandum and Order until after Graham was decided and reviewed his holding in its light. We find that his opinion correctly applies the law set out in Graham. We therefore adopt the relevant portion of the district court's opinion. Swofford v. B & W, Inc., S.D.Tex. 1966, 251 F.Supp. 811, 815-819.
 
 
 26
 Since we dispose of this appeal on the validity issue, it is unnecessary for us to consider the question of infringement or to pass upon B & W's defense that Swofford misused the patent.
 
 
 27
 The judgment of the District Court that the plaintiff's patent is invalid is therefore affirmed.
 
 
 
 [1]
 The plaintiffs in this action are Marvin K. Swofford and Marion F. Wright, inventors of the patented device, and Essex Corporation d/b/a The Pathfinder Company, the latter being substituted for the original exclusive licensee, Pathfinder Oil Tool Company. Swofford and Wright developed a new cleaning tool to be used in the oil industry for scraping the walls of a well bore. Until 1954 all such tools were called 'scratchers' because of their protruding metal fingers or bristles. June 4, 1954, Swofford filed for a patent teaching a 'wiper'-- a new cleaning tool with cable loops (both ends fixed) instead of bristles, which supposedly eliminated certain problems caused by the 'scratcher'. Letters Patent issued in 1958, but B & W, Inc., developed and sold a similar 'wiper' without Swofford's permission. This infringement action followed
 
 
 [2]
 The jury answered, for example, 'We do' corresponding to each claim of the patent in answer to the interrogatory (No. 21): 'Do you find that the combination defined in the claims of the plaintiffs' patent in suit is a combination the structure of which was not obvious as of June 4, 1954 to a man of ordinary skill in the art who had knowledge of all of the prior devices and references?' 251 F.Supp. 811, at 815
 
 
 [3]
 'Upon adjudication in court, under the statute, when novelty, utility and unobviousness as defined in section 103 are found to exist, and provided there is no one-year statutory bar, then there is patentability and that is the end of the matter.' Rich, The Vague Concept of Invention as Replaced by Sec. 103 of the 1952 Patent Act, 46 J.Pat.Off.Soc'y 855, 866 (1964)
 
 
 [4]
 E.g., Graver Tank & Mfg. Co. v. Linde Air Products Co., 1950, 339 U.S. 605, 609, 70 S.Ct. 854, 94 L.Ed. 1097; Bischoff v. Wethered, 1869, 76 U.S. (9 Wall.) 812, 814, 19 L.Ed. 829
 
 
 [5]
 E.g., Harley C. Loney Co. v. Ravenscroft, 7 Cir. 1947, 162 F.2d 703, 704; Gordon Form Lathe Co. v. Ford Motor Co., 6 Cir. 1943, 133 F.2d 487, 496
 
 
 [6]
 See generally Kitch, Graham v. John Deere Co.: New Standards for Patents, 49 J.Pat.Off.Soc'y 237 (1967); Pugsley & Calvert, The Patentability of Inventions, 4 Hous.L.Rev. 467 (1966); Note, 44 Texas L.Rev. 1405 (1966)
 
 
 [7]
 'The major distinction is that Congress has emphasized 'non-obviousness' as the operative test of the section, rather than the less definite 'invention' language * * *.' 383 U.S. at 14, 86 S.Ct. at 692. In prior cases, however, the terms were often used interchangeably. E.g., Monroe Auto Equip. Co. v. Heckethorn Mfg. & Supply Co., 6 Cir. 1964, 332 F.2d 406, 410 ('it may be said that invention is synonymous with unobviousness')
 
 
 [8]
 E.g., Cee-Bee Chemical Co. v. Delco Chemicals, Inc., 9 Cir. 1958, 263 F.2d 150, 153
 
 
 [9]
 E.g., Trico Products Corp. v. Delman Corp., 8 Cir. 1950, 180 F.2d 529, 530
 
 
 [10]
 E.g., Hycon Mfg. Co. v. H. Koch & Sons, 9 Cir. 1955, 219 F.2d 353, 355
 
 
 [11]
 Mahn v. Harwood, 1884, 112 U.S. 354, 5 S.Ct. 174, 28 L.Ed. 665; see Note, A Valid Patent-- Graver v. Linde, 5 N.Y.U.Intra.L.Rev. 70 (1950)
 
 
 [12]
 Graver Tank Mfg. Co. v. Linde Air Products Co., 1949, 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672; Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 1945, 324 U.S. 320, 65 S.Ct. 647, 88 L.Ed. 973; Williams Mfg. Co. v. United Shoe Machinery Corp., 1942, 316 U.S. 364, 62 S.Ct. 1179, 86 L.Ed. 1537; United Gas Public Service Co. v. State of Texas, 1938, 303 U.S. 123, 58 S.Ct. 483, 82 L.Ed. 702; United States v. Esnault-Pelterie, 1936, 299 U.S. 201, 57 S.Ct. 159, 81 L.Ed. 123; Thomson Spot Welder Co. v. Ford Motor Co., 1924, 265 U.S. 445, 44 S.Ct. 533, 68 L.Ed. 1098; Continental Paper Bag Co. v. Eastern Paper Bag Co., 1908, 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122. The Supreme Court cases are discussed in Note, Appellate Review of Finding of Invention, 20 Geo.Wash.L.Rev. 605 (1952)
 
 
 [13]
 See Comment, Appellate Review of Determinations of Patentable Inventions, 29 U.Chi.L.Rev. 185, 187 (1961); Note, Appellate Review of Finding of Invention, 20 Geo.Wash.L.Rev. 605, 621 (1952)
 
 
 [14]
 The plaintiffs' position is that invention (nonobviousness), novelty, and utility are fact questions, but the over-all conclusion to be drawn from these is one of law. As phrased by one commentator: 'In other words, it is a question of fact whether the device is an advance beyond mechanical skill over the prior art, whether it is original, and whether it possesses utility, but it is a conclusion of law to be drawn by the court whether all these add up to a patentable invention.' As the author then answers: 'It is submitted that this is not entirely logical.' Note, Patentable Invention as a Question of Law, 43 Ill.L.Rev. 535, 536 (1948)
 
 
 [15]
 Monroe Auto Equip. Co. v. Heckethorn Mfg. & Supply Co., 6 Cir. 1964, 332 F.2d 406, 411: 'To the extent that the first two steps in the determination of invention involve questions of fact, we think these prior cases (in which it was said that invention is a question of fact) are not inconsistent with what we presently hold to be the correct rule.'
 Armour & Co. v. Wilson & Co., 7 Cir. 1960, 274 F.2d 143, 157: 'If anything we have said in prior opinions strays too far from this conclusion, such holdings are now modified to conform to the views expressed herein.'
 Bergman v. Aluminum Lock Shingle Corp., 9 Cir. 1958, 251 F.2d 801, 812 (concurring opinion): 'It is my view that a study of this court's decisions since the Great A. & P. Tea Co. case, supra, which have stated that the question of invention is one of fact, will demonstrate either that such statement in that unqualified form was unnecessary to the decision, or else that the court was saying in substance that under the particular facts of the case the decision 'turned upon' questions of fact.'
 
 
 [16]
 See the discussion in Comment, Appellate Review of Determinations of Patentable Inventions, 29 Chi.L.Rev. 185, 192-198 (1961)
 
 
 [17]
 Second Circuit: E.g., Hygienic Specialties Co. v. H. G. Salzman, Inc., 2 Cir. 1962, 302 F.2d 614, 617 n. 6; Tatko Bros. Slate Co. v. Hannon, 2 Cir. 1959, 270 F.2d 571, 572. Third Circuit: E.g., Packwood v. Briggs & Stratton Corp., 3 Cir. 1952, 195 F.2d 971, 973-974. Fourth Circuit: E.g., Heyl & Patterson, Inc. v. McDowell Co., 4 Cir. 1963, 317 F.2d 719, 722. Tenth Circuit: Griswold v. Oil Capital Valve Co., 10 Cir. 1966, 375 F.2d 532, 538; Blish, Mize & Silliman Hardware Co. v. Time Saver Tools, Inc., 10 Cir. 1956, 236 F.2d 913, 916. Accord: In re Sporck, 1962, 301 F.2d 686, 49 CCPA 1039; In re Eller, 1962, 299 F.2d 272, 49 CCPA 897. Contra, D.C. Circuit: Schafer v. Watson, 1961, 109 U.S.App.D.C. 360, 288 F.2d 144, 145; C. H. Boehringer Sohn v. Watson, 1958, 103 U.S.App.D.C. 158, 256 F.2d 713
 
 
 [18]
 E.g., Deller's Walker on Patents 105, at 67 (2d ed. 1964); Comment, Appellate Review of Determinations of Patentable Inventions, 29 U.Chi.L.Rev. 185, 197-99 (1961)