**WALDON, INC., Plaintiff-Appellant-Cross Appellee,**

v.

**ALEXANDER MANUFACTURING COMPANY and Amco International, Defendants-Appellees-Cross Appellants.**

No. 27711.

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1970.

George W. Rogers, Jr., Vicksburg, Miss., James R. Head, Tulsa, Okl., for plaintiff-appellant-cross appellee.

Frank E. Everett, Jr., Vicksburg, Miss., Lawrence H. Cohn, St. Louis, Mo., for defendants-appellees-cross-appellants; Cohn & Powell, St. Louis, Mo., of counsel.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge.

Waldon, Inc. brought suit against Alexander Manufacturing Co. alleging infringement of its patent, No. 3,199,-236. Alexander denied infringement and counterclaimed that the patent is invalid for obviousness. The District Judge tried the case without a jury and found the patent valid but not infringed. We find the patent invalid and reverse.

The patent pertains to an attachment for farm tractors to convert them to use as earth moving bulldozers. The parties are agreed that the conversion of a farm tractor into a light utility bulldozer is not new to the industry. Only Claim 1 of the patent is in issue on this appeal.[1]

■ In order to be patentable a device must be useful, novel, and non-obvious in light of the prior art. 35 U.S.C.A. §§ 101–103; Graham v. John Deere Co., 1966, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545; Zero Manufacturing Company v. Mississippi Milk Producers Association, 5 Cir. 1966, 358 F.2d 853. The question of non-obviousness under 35 U.S.C.A. § 103 involves factual determinations of what the prior art was; what, if any, improvements the patentee has made over the prior art; and the level of ordinary skill in the art. Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 1969, 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258 [December 8, 1969]; Graham v. John Deere Co., supra; Swofford v. B & W, Inc., 5 Cir. 1968, 395 F.2d 362; Up-Right, Inc. v. Safway Products, Inc., 5 Cir. 1966, 364 F.2d 580; Monroe Auto Equipment Company v. Heckethorn Manufacturing & Supply Company, 6 Cir. 1964, 332 F.2d 406, cert. denied, 379 U.S. 888, 85 S.Ct. 160, 13 L.Ed.2d 93. From these factual findings the legal determination of whether the improvement would have been obvious to a person with ordinary skill in the art is made. Ibid.

Despite the fact that "strict observance" of these requisite factual findings is necessary, Anderson's-Black Rock, Inc. v. Pavement Salvage Co., supra, 396 U.S. at p. 62, 90 S.Ct. at p. 308; Graham v. John Deere Co., supra at 18, 86 S.Ct. 684, the District Court in this case made no such findings. Instead, the Court stated in broad, conclusory terms that the statutory presumption of the validity of the patent[2] had not been rebutted.

---

1. The full text of Claim 1 appears in the appendix to this opinion. The bold face type has been used to call attention to those features of the claim to which this opinion has particular reference.

2. 35 U.S.C.A. § 282 provides in part: "A patent shall be presumed valid. . . . The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting it."

The District Court opinion cites many areas in which Waldon's patent follows closely the teachings of the prior art. In no place does it specify an area or feature where the patent departs from the prior art. Nevertheless, the Court concluded that: "It may not be said on this record under the facts and circumstances before the Court in this case on a proper application of the rule [that patents are presumed valid] that this patent No. 3,199,-236 is void or should not have been granted." In effect, the Court gave conclusive weight to the statutory presumption of validity without really considering and weighing "the facts and circumstances before the Court." This was error.

■ We note preliminarily that two prior relevant patents cited to the District Court (Parker, No. 2,742,720 and Shadden, No. 2,732,637) were not considered by the Patent Office when it issued Waldon's patent. Therefore, the presumption of validity is materially weakened, if not destroyed. American Seating Co. v. Southeastern Metals Co., 5 Cir., 1969, 412 F.2d 756; Cornell v. Adams Engineering Company, 5 Cir. 1958, 258 F.2d 874. We need not decide that here, however, because even if the prior art considered by the Patent Office is more pertinent than the Parker and Shadden prior art, the presumption of validity is not conclusive. Zero Manufacturing Company v. Mississippi Milk Producers Association, supra, 358 F.2d at 858–859. We conclude that in this case, "Even assuming a presumption, it would not overcome the obviousness [of Claim 1 of the patent in issue here] which appears from the sum of the record, and the invalidity which follows therefrom." Sisko v. Southern Resin & Fiberglass Corp., 5 Cir. 1967, 373 F.2d 866, 868 n. 4.[3]

■ Of course it is the claim of a patent that measures the invention. E. g., Bros Incorporated v. W. E. Grace Manufacturing Company, 5 Cir. 1965, 351 F.2d 208, 213 and cases there cited. Waldon insists in its briefs and through the testimony of its witnesses at trial that the key to patentability of Claim 1 (which is set out fully in the Appendix to this opinion) is the U-shaped design of the blade frame.[4]

■■ When questions arise as to the scope or interpretation of claims, the Patent Office history is relevant, e. g., Graham v. John Deere Co., supra 383 U.S. at 33, 86 S.Ct. 684; Bros Incorporated v. W. E. Grace Manufacturing Company, supra, 351 F.2d at 213; and in this case it is clear from the file history that the U-shaped design of the blade frame does not meet the Section 103 non-obviousness requirement.

3. The obviousness of the patent in light of the prior art is so clear from the record that we find it unnecessary to remand this case for a resolution of the factual inquiries required by Anderson's-Black Rock, Inc. v. Pavement Salvage Co., supra and Graham v. John Deere Co., supra. Where the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the result, the case can be taken from the factfinding body. Brady v. Southern Ry. Co., 1943, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239. See Monroe Auto Equipment Company v. Heckethorn Manufacturing & Supply Company, 6 Cir. 1964, 332 F.2d 406, cert. denied, 379 U.S. 888, 85 S.Ct. 160, 13 L.Ed.2d 93 which applied this principle in a patent case and held there was no error in denying a jury trial on the question of obviousness even though it involves several factual inquiries.

4. For example, at page 4 of its Reply Brief, Waldon refutes Alexander's argument that the forwardly and upwardly inclined transverse plate [see Appendix] is the key to patentability and says, "Instead, the issues and arguments of novelty * * * lay in the design of the blade frame, the Patent Office allowing 'U-shaped member' but not broadly 'a bulldozer blade frame.' "
   It is said that the U-shaped design allows the same function of the prior art to be performed, but with a higher blade lift and with fewer moving parts, thereby having the advantages of increased utility with greater strength and less wear on the mechanism.

Claim 2 of the original application to the Patent Office stated in part:

2. Apparatus for converting a farm tractor chassis into a bulldozer, said apparatus comprising:

\* \* \* \* \* \*

a bulldozer blade frame consisting of a substantially U-shaped member having a bight portion and two leg portions, said bight portion being pivotally connected to the forward end of said pushing frame, said leg portions extending outwardly and forwardly of said pushing frame;

\* \* \* \* \* \*

It will be noted that the language of the fourth paragraph of Claim 1 in issue here, appearing in the appendix, is substantially the same as the pertinent paragraph of Claim 2 in the original application. This fourth paragraph dealing with the U-shaped design of the blade frame is said by Waldon to be the key to patentability. However, Claim 2 was rejected by the Patent Office because:

[T]he blade frame of Crawford [Pat. No. 2,725,650] is regarded as the full mechanical equivalent of the claimed U-shaped frame both as regards position and function. It would not be unobvious to provide for the vertical control of the Crawford blade frame in the manner shown by Cook [Pat. No. 2,626,470] at 84, 95 etc. but the resultant structure would be the full equivalent of that claimed.

In response to the rejection of Claim 2 Waldon's attorneys wrote to the Patent Office and set forth at length all the reasons why they thought the U-shaped blade frame in Claim 2 was not anticipated by the prior art and was not the equivalent of it. The Patent Office responded to this by saying:

Claim 2 is rejected as being unpatentable over Crawford in view of Cook et al, each of record, when taken with the teaching in either one of the newly cited McNeel [Pat. No. 2,584,485] or Gjesdahl [Pat. No. 2,667,708] patents under 35 U.S.C. 103. Each of the McNeel and Gjesdahl patents shows a tractor mounted blade assembly in which the blade frame consists of a substantially U-shaped member having a bight portion and two leg portions with the bight portion pivotally connected to the forward end of the tractor mounted push frame. Thus note the "U-shaped member" 22, 26 in McNeel and the similar member 3, 3, 25 in Gjesdahl. \* \* \* Nor would it have been unobvious to design the blade frame 38, 39, 31, 32 of Crawford of a U-shaped configuration, as clearly suggested at 22, 26 in McNeel and/or at 3, 3, 25 in Gjesdahl. Such modifications of the Crawford device are believed to be fairly suggested by the cited prior art references and since the result produced by such obvious modifications of the Crawford device is no more than that which would normally be expected of such a summation of prior art teachings, no departure, in a patentable sense, from the teachings of the prior art is seen to be involved.

\* \* \* \* \* \*

The rejection of Claim 2 is *FINAL*. (Emphasis in original)

The file history shows that the feature relied upon by Waldon to sustain the validity of its patent was rejected by the Patent Office as being obvious from the prior art. We rely upon the expertise of the Patent Office in reaching our conclusion of obviousness with regard to the blade frame design. Furthermore, it is clear to us, even without the aid of the Patent Office expertise, that the other features of Claim 1 do not, in light of the prior art, meet the requisites of patentability. In other words, we agree with Waldon's assessment that if there were any feature of Claim 1 which could make that claim validly patentable, it would be the U-shaped design of the blade frame. However, since the file history shows that feature to be obvious from the prior art, it follows that the patent is invalid.

■ There is evidence that Waldon's bulldozer attachment met with some

commercial success. While this factor is one to consider in determining the question of obviousness in a close case, no amount of commercial success can validate a patent if the device lacks invention. Monroe Auto Equipment Company v. Heckethorn Manufacturing & Supply Company, *supra*. *See generally* Anderson's-Black Rock, Inc. v. Pavement Salvage Co., *supra;* Graham v. John Deere Co., *supra*.

Since the patent has been held invalid on appeal, it is unnecessary to consider the question of infringement. Swofford v. B & W, Inc., *supra;* Zero Manufacturing Company v. Mississippi Milk Producers Association, *supra*.

Reversed and rendered.

**WALDON'S PATENT**

Aug. 10, 1965    W. A. BARTEL ETAL    3,199,236

FARM TRACTOR BULLDOZER

Filed Dec. 7, 1962    3 Sheets-Sheet 1

**APPENDIX**

**WALDON'S CLAIM**

**CLAIM 1**

Apparatus for converting a farm tractor chassis into a bulldozer, said apparatus consisting of:

a pushing frame consisting of two longitudinal arms having a forward end and a rearward end, said arms to extend substantially parallel to the forward-rearward axis of said chassis; a forwardly and upwardly inclined transverse plate extending between the forward ends of said arms and rigidly connected thereto; at least two relatively flat plates attached one each to said transverse plate and spaced slightly inwardly from said arms, said plates extending upwardly for attachment to said chassis;

means for attaching the rearward ends of said arms to said tractor chassis;

a bulldozer blade frame consisting of a substantially U-shaped member having a bight portion and two leg portions, said bight portion being pivotally connected to said forward ends of said arms of said pushing frame, said leg portions to extend outwardly and forwardly of the front wheels of said tractor;

an upwardly extending elevator arm rigidly attached to said bight portion of said bulldozer frame;

a bulldozer blade rigidly attached to said leg portions of said blade frame, at the forwardmost ends thereof,

hydraulic means between said pushing frame and said elevator arm to pivot said bulldozer blade frame vertically about the point of connection of said bulldozer blade frame to said arms of said pushing frame.

INVENTORS
WALTER A. BARTEL
DONALD L. MARTENS

ATTORNEYS