**VAN GORP MANUFACTURING, INC.,**
Plaintiff-Appellant,

v.

**TOWNLEY INDUSTRIAL PLASTICS,
INC., Defendant-Appellee.**

No. 71-2712.

United States Court of Appeals,
Fifth Circuit.

July 13, 1972.

Henderson & Strom, H. Robert Henderson, Des Moines, Iowa, E. Snow Martin, Jr., Lakeland, Fla., for plaintiff-appellant.

John Marshall Green, Ocala, Fla., Green, Simmons & Green, P. A., Ocala, Fla., for defendant-appellee.

Before TUTTLE, GEWIN and THORNBERRY, Circuit Judges.

GEWIN, Circuit Judge:

If it is true that "invention breeds invention", it is also true that invention breeds patent litigation.

Van Gorp Manufacturing, Inc. (Van Gorp) invented a belt gripping device for use with wing pulleys, upon which a patent was granted in 1962. Townley Plastics, Inc. (Townley) manufactured a device similar to Van Gorp's; Van Gorp

claimed infringement; and Townley claimed invalidity. The district court agreed with Townley on both claims, and Van Gorp appealed. We reverse and remand.

The patent involved here relates generally to pulleys for use with conveyor belts and more particularly to a resilient lagging device mounted on the wings of a wing type pulley. The patented device is used on pulleys which drive industrial conveyor belts. A detailed description of the patent claims is set forth in the appendix to this opinion.[1] The device may be generally described as consisting of three parts: an elongated bar of resilient material, a metallic retainer in which the bar is inserted, and a holding member in which the bar and retainer as a unit are placed. The holding members are affixed to the wings of the pulley.

One of the major purposes of the device is to solve problems caused by the buildup of materials on the face or wing tip of the pulley wings (between the underside of the conveyor belt and the wing tip). Such problems include down time for repair, belt misalignment which causes premature dumping of the material being conveyed, and damage to the belt. Use of the patented device is said to solve or minimize these problems through increased traction and positive drive of the pulley on the belt; a simple manner of replacement of the unit whereby the pulley itself does not have to be dismantled; and a positive self-cleaning action by the resilient lags which act to remove dust, abrasives, or other materials which tend to collect between the pulley and the belt. By placing a plurality of the devices on the wings about the periphery of the pulley the conveyor belt is frictionally engaged and driven while at the same time wear of the belt is minimized.

The Townley device consists of an elongated bar of resilient material in a metal retainer.[2] Townley began manufacturing its bar in response to a customer request to duplicate the Van Gorp lagging device. Townley did so with slight modifications and continued thereafter to manufacture other such lagging devices. Van Gorp responded to the Townley device with this suit for infringement.

*Validity*

██ The test of patent validity is well established. Utility, novelty, and nonobviousness all must be present before a patent may be held valid.[3] The burden rests on the party asserting invalidity to overcome the statutory presumption of patent validity.[4] Although the presumption is rebuttable, the burden of proof is substantial. It has been described as greater than a mere preponderance of the evidence. Such evidence must be clear and convincing, or must show invalidity beyond a reasonable doubt.[5]

The district court concluded as a matter of law that the Van Gorp patent was invalid because it "lacked novelty and invention and is obvious to anyone who has knowledge of the prior art." The absence of either novelty or nonobvious-

---

1. Patent No. 3,046,085 see Appendix to opinion figure 1 (Plaintiff's Exhibit No. 1) for a sketch of the device and a statement of the claims describing the device.

2. See Appendix to opinion figure 2 (Plaintiff's Exhibit No. 5).

3. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), construing, 35 U.S.C. §§ 101, 102, 103; Inject-O-Meter Mfg. Co. v. North Plains Fertilizer & Chem., Inc., 439 F.2d 1138 (5th Cir. 1971); Beckman Instruments, Inc. v. Chemtronics, Inc., 428 F.2d 555 (5th Cir.), cert. denied, 400 U.S. 956, 91 S.Ct. 353, 27 L.Ed.2d 264 (1970).

4. 35 U.S.C. § 282; Railex Corp. v. Speed Check Co., 457 F.2d 1040 (5th Cir. 1972); Sterner Lighting, Inc. v. Allied Electrical Supply, Inc., 431 F.2d 539 (5th Cir. 1970).

5. See Hobbs v. United States Atomic Energy Com'n., 451 F.2d 849, 856 (5th Cir. 1971); Stamicarbon v. Escambia Chem. Corp., 430 F.2d 920, 924–926 (5th Cir. 1970), cert. denied, 400 U.S. 944, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970).

ness would render the patent invalid. There is no contention that the device is lacking utility.

▉ The district court incorrectly treated the question of novelty solely as one of law without proper consideration of pertinent factual background. If a patent was anticipated by the prior art it lacks novelty; and anticipation or lack of novelty is largely a question of fact.[6] This court has held that novelty is lacking if *all* of the elements of the patent, or their equivalents are found in *a single prior art structure* where they do substantially the same work in the same way.[7] Our review of the prior art and the testimony concerning it leaves us convinced that no single prior art structure anticipated the Van Gorp patent.

The 1928 Rogers patent,[8] which was cited in the Van Gorp patent application, did provide for a detachable bar, and a means to attach the bar to the pulley wing. However, the Rogers patent described its bar as a relatively heavy shoe attached to the wings by bolts. The Rogers patent did not specify the substance from which the bar was made.

The Van Gorp device is comprised of three elements: the bar, the retainer and the holder. All are essential to accomplish the desired results, i. e., were the bar galvanized to the metal it would not be easily replaceable; expert testimony indicated that a bolted bar used with a pulley transporting phosphorous and sulfur would soon lead to corroded bolts; and the mere insertion of a naked bar in a metal groove attached to the wing was

found by Van Gorp to be unworkable because materials would get under the bar and force it out.

Professor D. A. Fischer, Dean of the Washington University School of Engineering and a registered patent attorney testified that the key to the Van Gorp patent was the retainer. He testified that no prior art anticipated such a combination. None of Townley's witnesses really seemed to grasp the importance of that element. As the record shows the retainer element provided a means of securing the bar and at the same time making possible easy replacement and the self cleaning action. Dean Fischer was the only witness who had examined all of the prior patents and he testified that none of them anticipated the Van Gorp patent.

▉ Based upon a review of the prior art and upon the testimony at the trial we are convinced that the Van Gorp patent was novel within the meaning of § 102. The district court was clearly erroneous in concluding that the Van Gorp device was anticipated by the prior art. The court's findings are not supported by the record.

▉ Obviousness is a question of law, but as has been repeatedly pointed out, in order to reach a legal conclusion on the issue of obviousness certain factual considerations must be resolved.[9] The Supreme Court explicitly outlined those considerations in Graham v. John Deere Co.:[10] (1) the scope and content of the prior art, (2) the differences between the prior art and the patent in issue, and (3) the level of ordinary skill

---

6. Hughes Tool Co. v. Ingersoll-Rand Co., 437 F.2d 1106, 1108 (5th Cir. 1971), cert. denied, 403 U.S. 918, 91 S.Ct. 2230, 29 L.Ed.2d 696 (1971); Sterner Lighting, Inc. v. Allied Electrical Supply, Inc., 431 F.2d 539, 541 (5th Cir. 1970), cert. denied, 401 U.S. 909, 91 S.Ct. 869, 27 L.Ed. 2d 807 (1971).

7. Hughes Tool Co. v. Ingersoll-Rand Co., 437 F.2d 1106, 1108 (5th Cir. 1971); Kiva Corp. v. Baker Oil Tools, Inc., 412 F.2d 546, 552 (5th Cir.), cert. denied, 396 U.S. 927, 90 S.Ct. 262, 24 L.Ed.2d

226 (1969); 1A. Deller, Deller's Walker on Patents § 57, at 242 (2d ed. 1964).

8. Patent No. 1,691,993. See Appendix to opinion figure 3 (Defendant's Exhibit No. 2) for a sketch of the Rogers invention.

9. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); Stamicarbon v. Escambia Chem. Corp., 430 F.2d 920, 927 (1970).

10. 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545, 556 (1966).

in the pertinent art. The Court admonished that strict observance is necessary.[11] The Court recently reiterated that these requirements must be strictly followed in Anderson's-Black Rock, Inc. v. Pavement Salvage Co.[12]

This court has restated the Supreme Court's command and condemned a broad conclusory analysis.[13] The findings in this case are clearly deficient. The district court's findings as to the scope and content of the prior art consisted entirely of a citation of prior patents and the conclusion that the Rogers patent "substantially teaches the method used in the patent in suit."

During the course of the trial Dean Fischer testified that he had compared the Van Gorp patent with the prior art patents [14] and that the Rogers patent was the closest to the Van Gorp patent. He testified that the O'Connor patent dealt with a "method of sealing a joint between a cover and a turned-over casing or flange." The Klitsch patent was not a wing type pulley and used rivets to attach the material to the pulley. And according to Fischer the Crossley patent involved a drum pulley covered with leather, the purpose being to prevent slippage, not to keep the pulley clean. Dean Fischer then pointed out that the Rogers patent provided for the bolting on of lags and stated that in his opinion the bolted lag would not work.

Townley's only evidence concerning the prior art consisted of the testimony of Jake Townley, President of Townley Mfg. and William E. Link, an engineer and operator of a machine shop. Although both witnesses testified that they had compared the Van Gorp patent with the Rogers patent, their testimony indicated a lack of understanding of the Van Gorp patent essential to a valid comparison. Both witnesses emphasized that the manner in which the bar was secured to the pulley was not unusual, i. e., crimping, tongue and groove, clamping—all ancient methods of attachment.[15] However, no one has disputed that claim. Townley's witnesses did not grasp the significance of the specific combination involved. When asked if they knew of any other device which used a retainer similar to Van Gorp's as a third element in the attachment process, both replied in the negative. Neither witness testified concerning any other prior art.

Arthur F. Kain, a distributor for Van Gorp, testified that he first made Van Gorp aware of the need for such a device during the 1950's while working with a company which was attempting to move phosphate on a conveyor belt by the use of a conventional wing pulley. Kain recognized that the pulley was unsatisfactory due to phosphate buildup on the wings causing the belt to run to one side of the pulley, thus dumping prematurely a portion of the phosphate. Men with crude scrapers were used just to scrape the pulleys. In addition the premature spilling of the phosphate caused phosphate fumes necessitating the use of respirators. Kain first tried to solve the problem himself by cementing a piece of rubber on the end of the wing. While the rubber stayed on it remained clean but it very quickly came off.

11. Id.

12. 396 U.S. 57, 62, 90 S.Ct. 305, 24 L. Ed.2d 258, 262 (1969).

13. Waldon, Inc. v. Alexander Mfg. Co., 423 F.2d 91, 92 (5th Cir. 1970) ; see Hughes Tool Co. v. Ingersoll-Rand Co., 437 F.2d 1106 (5th Cir. 1971).

14. United States Patents included on Van Gorp's application for a patent were:

| No. | Name | Date Issued |
| --- | --- | --- |
| 486,631 | Crossley | Nov. 22, 1892 |
| 669,444 | Klitsch | Mar. 5, 1901 |
| 1,691,993 | Rogers | Nov. 20, 1928 |
| 1,731,599 | Tannewitz | Oct. 15, 1929 |
| 2,127,982 | Northrup, et al | Aug. 23, 1938 |
| 2,724,893 | O'Connor, et al | Nov. 29, 1955 |

15. This testimony was the heart of Townley's argument. Townley argues that since the means of attaching the bar to the retainer and the retainer to the holder are not new or novel the patent cannot be valid. As shown in the text that argument illustrates a misunderstanding of the claimed invention.

Kain then asked Van Gorp to solve the problem. After over a year and a half of work Van Gorp invented the patented device.

The district court found that the Van Gorp device was "at best only an improvement over known machines and techniques which have been patentable for more than thirty years. . . ." In another finding the court concluded: "The patent in suit involves only minor differences in design and construction over earlier patented devices, and in fact is an obvious combination of devices which have been known and used since ancient times." As a matter of fact these findings are not compatible with Van Gorp's claims and the actual operation of his invention.

The claims in Van Gorp's patent very narrowly define his invention.[16] The patent does not preclude others from attaching rubber lags to wing pulleys, it only monopolizes the precise manner of attaching the lags as described in the claims.

Certain of the district court's findings indicate a misconception of the actual operation of the device and the significance of the various elements of the Van Gorp patent. In one of its findings of fact the court stated: "The unit likewise provides a cleaning action for the reason that the materials conveyed on the belt do not easily come into contact with the wings of the pulley." That finding is clearly erroneous. As stated in the patent itself the cleaning action occurs when the materials *do* come into contact with the resilient bar attached to the wing. The concave flanges on the metal retainer compress the lag below its upper surface thus accommodating the twisting stress caused by the moving belt. The unrestrained upper portion acts to clean the face of the lag as it snaps back from its stressed position to its normal position.

In another finding the district court stated that it "is notable that the hard rubber core of the Van Gorp rod is held in place by crimping," while the Townley unit is made by pouring urethane in a mold. The method by which the bar is placed in the retainer is not the controlling factor, the important fact is that a retainer is used at all and that it leaves a portion of the bar free above the retainer to produce the self-cleaning action. None of the prior art accomplished the same results.

The Van Gorp patent is a combination patent. In Anderson's-Black Rock, Inc. v. Pavement Salvage Co.[17] the Supreme Court stated: "The question of invention must turn on whether the combination supplied the key requirement. . . . A combination of elements may result in an effect greater than the sum of the several effects taken separately."[18] Such a synergistic result is strong if not conclusive evidence of nonobviousness.

---

16. *See* generally Sterner Lighting Inc. v. Allied Elec. Supply, Inc., 431 F.2d 534, 542 (5th Cir. 1970).

17. 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969).

18. *Id.* at 60, 90 S.Ct. at 307, 24 L.Ed.2d 261. This requirement of a synergistic result is derived from Great A. & P. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950). That case involved a patent on a cashier's counter with an extension designed to speed up the checking process. In finding the patent invalid Justice Jackson stated:

The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable.

. . .

Neither court below has made any finding that old elements which made up this device perform any additional or different function in the combination than they perform out of it. . . . Two and two have been added together and still make only four.

*Id.* at 152, 71 S.Ct. at 130, 95 L.Ed. 167. *See also* Samuelson v. Bethlehem Steel Co., 323 F.2d 944 (5th Cir.), cert. denied, 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659 (1963).

The key facet of Van Gorp's patent was the method of combining the lag, the retainer, and the holder in such a manner as to achieve the desired results. The combination of these three elements resulted in an effect greater than the sum of the effects taken separately. A rubber lag attached to the end of a wing by the other known means, vulcanization or bolts, was shown to lack either utility or efficiency or both. A rubber lagging unit inserted in a holder attached to a wing was shown to lack utility in that the rubber would not stay in place. Only when the three elements are combined are all of the desired results produced: self cleaning effect, ease in replacement, increased traction, and minimal wear on the belt.

The district court concluded that the Van Gorp patent would have been obvious to one skilled in the art at the time Van Gorp devised his invention and that it required nothing more than ordinary mechanical or engineering skill. Such a determination is difficult to make objectively since hindsight inevitably distorts a court's view. However, the vague testimony of Townley's witnesses and their apparent lack of understanding of the Van Gorp invention does not support the court's conclusion when contrasted with the clear and convincing testimony of Dean Fischer, and the synergistic result achieved when the three elements of the patent are combined. Such a combination was not obvious to one with ordinary skill in the art. The district court erred in concluding that the patent was obvious.

In some cases the presumption of validity has been de-emphasized or not relied upon in the determination of validity.[19] Such is not true here. Townley faced a formidable task in undertaking the burden of proving by the requisite quantum of evidence [20] that the patent office stamp of approval was erroneous. The presumption was reinforced by the presence in the patent application of citations to the pertinent prior art.[21] Townley has failed to carry the substantial burden placed upon it. In view of the presumption and our conclusion that the Van Gorp patent has utility, novelty and is not obvious we hold that it is valid.

The validity of the patent is further buttressed by the secondary considerations noted in Graham v. John Deere Co., *supra*: commercial success, long felt but unresolved need, and the failure of others.[22] Robert W. Peters, the General Manager of Van Gorp, testified that after the introduction of the patented lagging unit sales increased over 20 percent. Kain, the distributor, testified that one reason for the commercial success was due to better conveyor belt control, the material that ordinarily spilled off the belt no longer did so, resulting in a savings to the wing pulley users.

That there was a long felt need for a device such as the Van Gorp patent is evidenced by a period in excess of 30 years between the Rogers and Van Gorp patents. There was no showing that the Rogers patent had ever been used or would work if put to actual use. There was testimony at the trial that it would not work. Clearly it would not have met the needs in the sulfur and phosphate industries. Kain had tried to solve the problem and failed. Van Gorp spent over one and one-half years and $39,000 in perfecting the final product. We emphasize that we place minimal weight on the preceding secondary factors, but in a case of this nature they are relevant considerations. Giving due consideration to all of the foregoing, the district court's finding of invalidity is reversed.

### Infringement

The district court found as a fact that there was no infringement. However, it

19. *See, e. g.*, Hensley Equip. Co. v. Esco Corp., 383 F.2d 252, 259 (5th Cir. 1967).

20. See cases cited note 5 *supra*.

21. *See* Stamicarbon v. Escambia Chemical Corp., 430 F.2d 920, 926 (5th Cir. 1970).

22. 383 U.S. at 18–19, 86 S.Ct. 684, 15 L.Ed.2d at 556.

appears that such a finding was unnecessary and was based largely upon the court's finding of invalidity.[23]   If the court was attempting to make a finding of noninfringement independent of the validity vel non of the patent, such finding was clearly erroneous.   Without disposing of the question, the record in its present state simply does not support the court's finding of noninfringement. Therefore we think it necessary for the district court to reconsider the question of infringement.

We remand the case to the district court for appropriate findings of fact and conclusions of law on the infringement claim.

Reversed and remanded.

## APPENDIX

*Figure 1*

I claim:

1.   In a pulley for driving a flat belt and having at least one radially extended wing which has an elongated, substantially flat outer face, a belt gripping device comprising, an elongated bar of resilient material substantially square in cross section for drivingly engaging said belt, an elongated metallic retainer U-shaped in cross section and having a substantially flat base and a pair of parallel side walls terminating at their outer edges in curved flanges having concavely formed outer surfaces facing outwardly and away from each other,   said retainer clamped to said bar wherein said flanges are embedded in the sides of said bar, and means holding said retainer securely to the said face of a respective wing.

2.   In a pulley for driving a flat belt and having at least one radially extended wing which has an elongated, substantially flat outer face, a belt gripping device comprising, an elongated bar of resilient material substantially square in cross section for drivingly engaging said belt, an elongated metallic retainer U-shaped in cross section and having a substantially flat base and a pair of parallel side walls terminating at their outer edges in curved flanges having outer concave surfaces facing outwardly and away from each other, said retainer clamped to said bar wherein said flanges are embedded in the sides of said bar, and elongated holding member U-shaped in cross section having a base secured to the said face of a respective wing, said holding member having side walls clamped to said retainer whereby to securely hold said retainer in place.

3.   In a pulley for driving a flat belt and having at least one radially extended wing which has an elongated, substantially flat outer  face, a belt gripping device comprising, an elongated bar of resilient material substantially square in cross section for drivingly engaging said belt, an elongated metallic retainer U-shaped in cross section and having a substantially flat base and a pair of parallel side walls terminating at their outer edges in curved flanges, said flanges having inner surfaces convexly formed and  frictionally embedded in the sides of said bar, and an elongated holding member U-shaped in cross section and having a base and a pair of side walls each of which  terminates along its free edge in an inwardly bent projection, said side wall projections facing each other and extended into said outwardly facing retainer flanges, whereby to securely hold said  retainer.

23.  Responding to Van Gorp's offer into evidence of side by side drawings of the Van Gorp and Townley devices the district court stated:

I suppose there's really no controversy there—that, essentially, they certainly look alike;  when you look at them, the whole eye—just the naked eye, they look alike.

I don't think that's the nub of the case;  I think the real nub of the case is that—whether or not there's a showing here of novelty and invention.   It seems to me that's what the case turns on.

*Figure 1 continued*

F. VAN GORP
WING PULLEY GRIPPING DEVICE

*Fig. 5*          *Fig. 6*

*Fig. 7*

*Fig. 8*

*Fig. 9*

*Fig. 10*

*Fig. 11*

INVENTOR
FRANKLIN VAN GORP
BY
Lowell & Henderson
ATTORNEYS

[A6071]

*Figure 2*

PLAINTIFF'S EXHIBIT #5

VAN GORP
LAG & RETAINER
[A6067]

TOWNLEY
LAG & RETAINER

Figure 3

C. B. ROGERS

PULLEY

Filed March 12, 1925

