Horace B. BROSE, Plaintiff-Appellant-Cross Appellee,

v.

SEARS, ROEBUCK AND CO., et al., Defendants-Appellees-Cross-Appellants.

No. 71–1906.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1972.

Carl V. Wisner, Jr., Fort Lauderdale, Fla., John Cyril Malloy, Miami, Fla., for plaintiff-appellant-cross-appellee.

G. Franklin Rothwell, Washington, D. C., Peter J. Winders, Tampa, Fla., for defendants-appellees-cross-appellants.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

The mandate of this court issued on the 12th day of January, 1972, in the

within matter is recalled. The opinion of this court dated December 21, 1971, is withdrawn. The following opinion is issued in lieu thereof.

Let the mandate issue forthwith.

PER CURIAM:

In this action for patent infringement, the district court held that the patent was valid but that it had not been infringed by Sears, Roebuck and Company. The patentee, Brose, appeals the finding of non-infringement, and Sears cross-appeals from the court's holding that the patent is valid.

■ On the question of infringement we find substantial evidence to support the district court's findings of fact and conclusions of law. We affirm the district court's holding that Sears did not infringe the Brose patent.

■ Having so held and on the facts of this case, we find it unnecessary to review the trial court's determination that the patent is valid. Harries v. Air King Products Co., 2 Cir. 1950, 183 F.2d 158; Marvin Glass & Assn. v. Sears, Roebuck and Co., 5 Cir. 1971, 448 F.2d 66 [1971]; Beckman Instruments, Inc. v. Chemtronics, Inc., 5 Cir. 1970, 428 F.2d 555.

Affirmed.