**Miguel A. RAMIREZ, Sr., Individually, and Maret, Inc., a corporation, Plaintiffs-Appellants,**

v.

**Antonio PEREZ, Individually, and d/b/a La Mexicana Tortilla Company, and Heliodoro Valadez, Individually, Defendants-Appellees.**

No. 71–2073.

United States Court of Appeals, Fifth Circuit.

March 24, 1972.

Marshall I. Yaker, H. Tati Santiesteban, Paxson & Santiesteban, El Paso, Tex., for plaintiffs-appellants.

Robert T. Schwarzbach, Harry Lee Hudspeth, El Paso, Tex., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Miguel A. Ramirez, Sr. and his family-owned corporation, Maret, Inc., sued

---

10. The matter of voidable preference has not been presented on this appeal and therefore will not be discussed.

defendants Antonio Perez and Heliodoro Valadez alleging that they had infringed Ramirez' United States Patent No. 2,980,012, covering a machine designed for the preparation of dough products, and particularly of flour tortillas.[1] The parties compete in the tortilla business in essentially the same area, both having their base of operations in El Paso, Texas. Perez admitted that he had developed a machine which achieved the same result as that of Ramirez, but denied that his machine infringed plaintiff's patent. Alternatively, Perez alleged that if it did infringe, plaintiff's patent was invalid.

The dispute is before us for the second time. In the first appeal, we remanded the cause to the District Court with directions to enter appropriate findings of fact and conclusions of law. Ramirez v. Perez, 5 Cir., 1971, 440 F.2d 1072. The District Court complied with findings and conclusions on April 22, 1971.[2] On May 3, 1971, complainants moved the Court to file additional findings of fact. The Court amended its findings of fact and entered additional finding No. 6. On May 18, 1971, the Court rendered a judgment which contained further findings of fact. The judgment denied all relief to plaintiffs, declared the Ramirez patent invalid "insofar as it contemplates a hot plate system for the processing of flour products," and declared the Perez patent invalid to the same extent. No findings or conclusions were entered on the issue of infringement. Ramirez and Maret appealed from the judgment of May 18, 1971. We modify and affirm, and vacate in part.

We consider first whether appellant Ramirez' patent was valid. See Inject-O-Meter Mfg. Co. v. North Plains Fertilizer & C., Inc., 5 Cir., 1971, 439 F.2d 1138, 1139; Beckman Instruments, Inc. v. Chemtronics, Inc., 5 Cir., 1970, 428 F.2d 555, 557. Cf. Brose v. Sears, Roebuck & Co., 5 Cir., 1971, 455 F.2d 769; Marvin Glass & Associates v. Sears, Roebuck and Company, 5 Cir., 1971, 448 F.2d 60. In 1954, Ramirez began to develop a machine for preparing dough products which was particularly adapted to the manufacture of flour tortillas. The genesis of his idea was an ordinary waffle iron. On October 9, 1958, he filed his application with the United States Patent Office. Plaintiff's machine embodied a means of mechanically conveying a measured amount of dough through the machine onto a hot plate. The dough was then compressed by a second hot plate for timed precooking and shaping. The formed tortilla was then mechanically removed from the bottom hot plate and transferred by conveyor belt to an oven for cooking. On April 18, 1961, the United States Patent Office issued United States Patent No. 2,980,012 to Ramirez and he began to manufacture and sell tortillas through his corporation.

The Ramirez patent is a "combination" patent, not a "pioneer" patent. The combined elements of his patent are revealed in Claim 1, which is typical of the other claims:

"What is claimed is:

"1. A dough product processing machine comprising, a frame, means to compress and partially cook the prod-

1. Miguel A. Ramirez, Sr. is the owner of United States Patent No. 2,980,012. The machine covered by the patent is being used in his family-owned business, Maret, Inc., which is engaged in the manufacture and wholesale distribution of tortillas to various retail establishments.
Heliodoro Valadez and Rodolfo Perez are listed as co-inventors of United States Patent No. 3,397,655. Antonio Perez, father of Rodolfo, does business as "La Mexicana Tortilla Company" and is also engaged in the production of flour tor-

tillas. Antonio Perez also manufactures and markets machines allegedly covered by the patent. Antonio Perez was the inventor of the machine.

2. The findings and conclusions consisted of five findings of fact and three conclusions of law. Conclusion of law No. 3 provided: "Plaintiff's U.S. Patent No. 2,980,012 is invalid for obviousness. Plaintiffs, therefore, shall take nothing by their suit, and all other relief prayed for by the parties is specifically denied."

ucts mounted on the frame, means to deliver dough products to the compressing and cooking means, and means to convey processed products from the compressing and cooking means, the delivery means including a receiving platform, means to bring dough products to the receiving platform, a transfer arm movable alternately beneath the receiving platform and to the compressing and cooking means, means operable in time relation with the transfer arm to move the receiving platform to dump dough products from the receiving platform to the transfer arm, and means to remove dough products from the transfer arm to the compressing and cooking means operable by movement of the transfer arm to the compressing and cooking means."

Article 1, § 8 of the Constitution empowers Congress "To promote the Progress of Science and useful Arts" by granting monopolies to inventors for limited periods of time. The patent standard is basically constitutional. Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 396 U.S. 57, 61, 90 S.Ct. 305, 308, 24 L.Ed.2d 258 (1969). The Patent Act of 1952, 35 U.S.C. § 1 et seq., implements the constitutional standard by making patent validity dependent upon three conditions: (1) novelty, (2) utility, and (3) nonobviousness. 35 U.S.C. §§ 101, 102, 103. See Graham v. John Deere Company of Kansas City, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); Hobbs v. United States, Atomic Energy Commission, 5 Cir., 1971, 451 F.2d 849. Appellant's machine is useful. Among other things, it has brought tortilla manufacturing into the machine age. However, the District Court correctly found that the machine was not "new," 35 U.S.C. § 101, and "was not an 'invention' by the obvious-nonobvious standard. 35 U.S.Code § 103 . . . ."

With regard to nonobviousness, 35 U.S.C. § 103 provides in pertinent part:

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." The section merely codified existing law as developed by the courts. Graham v. John Deere Company of Kansas City, 383 U.S. at 17, 86 S.Ct. at 693. Indeed, as early as 1851, the Supreme Court stated that

"unless more ingenuity and skill . . . were required . . . than were possessed by an ordinary mechanic acquainted with the business, there was an absence of that degree of skill and ingenuity which constitute essential elements of every invention. In other words, the improvement is the work of the skillful mechanic, not that of the inventor."

Hotchkiss v. Greenwood, 52 U.S. [11 How.] 248, 267, 13 L.Ed. 683, 691 (1850). Whether the invention suffers for obviousness depends upon consideration of the following factors: (1) the scope and content of the prior art, (2) differences between the prior art and the claims at issue, and (3) the level of ordinary skill in the art. Graham v. John Deere Company of Kansas City, *supra*, 383 U.S. at 17–18, 86 S.Ct. at 693–694; Inject-O-Meter Mfg. Co. v. North Plains Fertilizer & C., Inc., *supra* 439 F.2d at 1140. See also Swofford v. B. & W., Inc., 5 Cir., 1968, 395 F.2d 362. In Anthony v. Ranco Incorporated, 5 Cir., 1963, 316 F.2d 509, Judge Bell noted that

"in sum all that appellant did was to apply a known value to an analogous use in a known combination or system. This is not invention. Such advance in the art, if advance there was, merely resulted from that type of activity reasonably to be expected of those me-

chanically skilled in the applicable art."

Id. at 512. In its original findings of fact and conclusions of law, the District Court found that application of the principle of two heated plates being brought together to compress and partially cook a flour tortilla "would have been obvious to a person reasonably skilled in the art, and was thus unpatentable." Furthermore, the Court found that "to one skilled in the art, the use of old and existing elements in combination was not an 'invention' by the obvious-nonobvious standard." These conclusions are not clearly erroneous. Graham v. John Deere Company of Kansas City, *supra*; Anderson's-Black Rock, Inc. v. Pavement Salvage Co., Inc., 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969); Deere & Company v. Hesston Corporation, 5 Cir., 1971, 440 F.2d 904. *Cf.* Laitram Corporation v. Deep South Packing Company, Inc., 5 Cir., 1971, 443 F.2d 928. The history of Ramirez' machine from its original conception based on the common waffle iron, viewed in light of Carpenter's automatic toaster (United States Patent No. 1,621,234), Parr's automatic hamburger machine (United States Patent No. 1,881,126), Jensen's electric meat fryer (United States Patent No. 2,770,182), Staples' variable control heater (United States Patent No. 2,542,-265) shows the work of a skilled mechanic—not of an inventor.

■ The District Court in its original findings of fact and conclusions of law also found that while the application of the principle of two hot plates coming together in the production of flour tortillas might be "useful," it was not "new." We agree also with this conclusion. In Beckman Instruments, Inc. v. Chemtronics, 5 Cir., 1970, 428 F.2d 555, we stated:

". . . the prior art is to be considered as covering all uses to which it could have been put. Thus a patent claiming a device that has already been put to use, albeit in a different manner, is invalid; in order to be valid over the prior art, it must claim not novel use, but novel conception."

Id. at 561. See also Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969); Hughes Tool Co. v. Ingersoll-Rand Co., 5 Cir., 1971, 437 F.2d 1106. The record before us which includes, among other things, two of the prior art patents to which we previously alluded, plus descriptions of the others contained in the Ramirez patent file wrapper, supports the District Court's conclusion contained in its original findings and conclusions that the Ramirez patent is invalid. See Anderson's-Black Rock, Inc. v. Pavement Salvage Co., *supra*.

We agree with the District Court's judgment insofar as it denied any relief to complainants. We also agree with its original written findings of fact and conclusions of law entered on April 22, 1971, in which the Court found that "Plaintiffs' U. S. Patent No. 2,980,012 is invalid for obviousness." But, on May 18, 1971, the Court entered final judgment declaring the patent "invalid insofar as it contemplates a hot plate system for the processing of flour products," indicating that it was "valid in all other respects." We believe the Court's original conclusion of April 22, 1971 to be correct, rather than that contained in the final judgment of May 18, 1971. Accordingly, the final judgment of May 18, 1971 is modified and judgment is rendered declaring plaintiff's United States Patent No. 2,980,012 invalid in all respects.

We also vacate the judgment of the District Court insofar as it declared defendants' patent invalid, since a determination of that issue was and is unnecessary in view of the decision reached. Nor should we pass on the issue of infringement in view of our holding that plaintiff's patent is invalid. See Beckman Instruments, Inc. v. Chemtronics, Inc., 5 Cir., 1970, 428 F.2d 555, 558, and cases cited in footnote 4.

Modified and affirmed, vacated in part.